UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-21188-CIV-LENARD/O'SULLIVAN

RENZO BARBERI,

    Plaintiff,

v.

MIAMI AUTO EXPERTS, INC. and
CUTLER BAY 224, LLC,

    Defendants.
_____/

### ORDER[1]

THIS MATTER came before the Court on Cutler Bay 224 LLC's Emergency Motion to Quash Service of Process and Set Aside Clerk's Default and Request for Attorneys' Fees and Costs (DE# 35, 10/4/17). This matter was referred to the undersigned by the Honorable Joan A. Lenard, United States District Judge for the Southern District of Florida pursuant to 28 U.S.C. § 636 (b). See Referral Order (DE# 40, 10/6/17).

### BACKGROUND

On or about March 30, 2017, the plaintiff filed a Complaint (DE# 1, 3/30/17) against two defendants, including Cutler Bay 224 LLC (hereinafter "Movant"), for violations under Title III of the Americans with Disabilities Act of 1990 (hereinafter "ADA"). On March 31, 2017, the Clerk of the Court issued a summons in the instant

---

[1] At the October 11, 2017 hearing, the parties consented to the undersigned issuing an Order on the instant motion instead of a Report and Recommendation.

case addressed to:

> CUTLER BAY 224, LLC,
> REGISTERED AGENT:
> PRAHL, JOHN T.
> 12376 S.W. 82ND AVENUE
> PINECREST, FLORIDA 33156

Summons (DE# 4, 3/31/17).

On April 5, 2017, the plaintiff served John T. Prahl at 12376 SW 82nd Avenue, Pinecrest, Florida 33156. See Handwritten Notations on Summons (DE# 36-3 at 2, 10/4/17). Thereafter, Mr. Prahl sent a letter[2] advising the plaintiff's counsel that Mr. Prahl was in receipt of "two lawsuits," but that he was no longer the registered agent for the movant, having resigned on April 7, 2014. See Letter from Mr. Prahl (DE# 36-3 at 1, 10/4/17).

The movant represents that Mr. Prahl filed his resignation as a registered agent with the Florida Secretary of State in April of 2014. See Motion (DE# 35 at 1, 10/4/17). In his motion, the movant cites to an exhibit which does not reflect that Mr. Prahl's resignation was filed with the Florida Secretary of State. At the October 11, 2017 hearing, the movant's counsel stated that this was a clerical error and Mr. Prahl's resignation was in fact filed with the Florida Secretary of State in April of 2014. The undersigned notes that despite Mr. Prahl's 2014 resignation, the 2016 Annual Report filed by the movant with the Florida Secretary of State continued to list John T. Prahl as the registered agent located at 12376 SW 82nd Avenue, Pinecrest, Florida 33156, the address where the plaintiff attempted service on April 5, 2017. See 2016 Annual Report

---

[2] Mr. Prahl's letter is dated March 5, 2017. However, this appears to be a typographical error since Mr. Prahl was not served until April 5, 2017.

(DE# 36-2, 10/4/17).

In response to Mr. Prahl's letter, the plaintiff attempted to effectuate service on the movant a second time. On April 21, 2017, the plaintiff's process server delivered a copy of the summons and complaint on a woman named Manuela Rivera who was located at the movant's principal place of business, 8785 NW 13th Terrace, Doral, FL 33172.[3] The movant has filed an affidavit attesting that Manuela Rivera is not and never has been an employee, officer or agent of the movant. See Declaration of Gregorio Hanniman (DE# 35-4 at ¶7, 10/4/17).

On April 26, 2017, three weeks after service of the complaint on John T. Prahl as registered agent for the movant, the movant filed a 2017 Annual Report with the Florida Secretary of State listing "Gregorio Hanimian"[4] as the registered agent for the movant located at 8785 NW 13 Terrace, Doral, Florida 33172. See 2017 Annual Report (DE# 35-2, 10/4/17).

The movant failed to respond to the complaint. On May 15, 2017, the Court entered an Order to Show Cause (DE# 12, 5/15/17) requiring the plaintiff to file a

---

[3] On April 26, 2017, the plaintiff filed an Affidavit of Service. See Affidavit of Service (DE# 8, 4/26/17). The Affidavit of Service attested that on April 21, 2017 at 10:38 AM, the movant was served:

> by delivering a true copy of the Summons and Complaint with the date and hour of service endorsed thereon by [the process server] to: **Manuela Rivera** as **Account Manager** for **Cutler Bay 224, LLC, Registered Agent: Prahl, John T.,** at the alternative address of **8785 NW 13th Terrace, Doral, FL 33172** and informed said person of the contents therein, in compliance with state statues.

Affidavit of Service (DE# 8, 4/26/17) (emphasis in original).

[4] The record reflects two different spellings for the movant's registered agent, "Gregorio Hanniman" and "Gregorio Hanimian."

3

motion for default against the movant or show cause why the case should not be dismissed against the movant for lack of prosecution. On May 25, 2017, the plaintiff filed Plaintiff's Motion for Entry of Clerk's Default Against Defendant, Cutler Bay 224, LLC (DE# 21, 5/25/17). On the same day, the Clerk entered a default against the movant. See Clerk's Default (DE# 22, 5/25/17).

Following the entry of the Clerk's Default, the Court issued an Order to Show Cause (DE# 23, 5/25/17) requiring the plaintiff to file a motion for default judgment or show cause why the case should not be dismissed for lack of prosecution. On June 5, 2017, the plaintiff moved for a default judgment against the movant. See Plaintiff's Motion for Entry of Default Judgment and Application for Attorney's Fees, Costs, Expert Witness Fees and Litigation Expenses and Memorandum of Law (DE# 26, 6/5/17). On July 11, 2017, the Court entered a Final Judgment (DE# 32) in favor of the plaintiff and against the movant.

On October 4, 2017, the movant filed the instant motion seeking to quash service of process and set aside the final default judgment. See Cutler Bay 224 LLC's Emergency Motion to Quash Service of Process and Set Aside Clerk's Default and Request for Attorneys' Fees and Costs (DE# 35, 10/4/17) (hereinafter "Motion"). The plaintiff filed his response on October 4, 2017. See Plaintiff's Response in Opposition to Cutler Bay 224 LLC's Emergency Motion to Quash Service of Process and Set Aside Clerk's Default (DE# 36, 10/4/17) (hereinafter "Response"). On October 6, 2017, the movant filed its reply and the plaintiff filed his supplemental response. See Defendant's Reply in Support of Their [sic] Motion to Quash Service of Process and Set Aside C[l]erk's Default and Request for Attorney's Fees and Costs (DE# 38, 10/6/17)

(hereinafter "Reply"); Plaintiff's Supplemental Response Pursuant to the Court's Order [DE 37] (DE# 39, 10/6/17) (hereinafter "Supplemental Response").[5]

On October 11, 2017, the undersigned held a hearing on the instant motion. This matter is ripe for adjudication.

## ANALYSIS

**1.    Motion to Quash Service of Process**

The movant seeks to quash service of process on the ground that the plaintiff failed to effectuate proper service. The movant is a limited liability company ("LLC"). Service of process on an LLC may be accomplished as follows:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> > (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> >
> > (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant . . . .

Fed. R. Civ. P. 4(h)(1); Tetra Tech EC, Inc. v. White Holly Expeditions, LLC, No. 3:10-cv-465-J-32MCR, 2010 WL 3259696, *6 (M.D. Fla. Aug. 16, 2010) (stating that "Rule 4(h), Federal Rules of Civil Procedure, control service of process on corporations,

---

[5] On October 5, 2017, the Court directed the plaintiff to file a supplemental response "to indicate whether an auction ha[d] been scheduled to sell Defendant's property and, if so, the date the auction ha[d] been scheduled for." See Endorsed Order (DE# 37).

5

partnerships, and unincorporated associations and applies to service on a limited liability company.").

Under section 4(h)(1)(A), service of process on an LLC may be accomplished in the same manner for serving an individual "prescribed by Rule 4(e)(1)." Fed. R. Civ. P. 4(h)(1)(a). This means "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under state law, service on a corporation may be accomplished through section 48.081 of the Florida Statutes. Section 48.081 states in part that:

> (1) Process against any private corporation, domestic or foreign, may be served:
>
>> (a) On the president or vice president, or other head of the corporation;
>>
>> (b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
>>
>> (c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or
>>
>> (d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.
>
> ***
>
> (3)(a) As an alternative to all of the foregoing, process may be served on the agent designated by the corporation under s. 48.091. However, if service cannot be made on a registered agent because of failure to comply with s. 48.091, service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent. . . .

Fla. Stat. 48.081(1), (3). "Because of the fundamental constitutional implications of service of process, 'statutes governing service of process are to be strictly construed

6

and enforced.'" McDaniel v. FirstBank Puerto Rico, 96 So.3d 926, 928 (Fla. 2d DCA 2012) (quoting Shurman v. Atlantic Mortg. & Inv. Corp., 795 So.2d 952, 954 (Fla. 2001)).

At the time the plaintiff first attempted service on April 5, 2017, the movant's records filed with the Florida Secretary of State listed John T. Prahl as the movant's registered agent located at 12376 SW 82nd Avenue, Pinecrest, Florida 33156. See 2016 Annual Report (DE# 36-2, 10/4/17). The plaintiff did not list a new registered agent until April 26, 2017, approximately 21 days after the plaintiff had served Mr. Prahl. See 2017 Annual Report (DE# 35-2, 10/4/17). The purpose of requiring companies like the movant to list their registered agents with the Secretary of State is to provide notice to the public. At the time the plaintiff first attempted service on the movant, John T. Prahl was listed with the Florida Secretary of State as the movant's registered agent. Accordingly, the movant is estopped from asserting that the plaintiff served the wrong individual. The undersigned finds that the plaintiff perfected service on the movant on April 5, 2017, the date the plaintiff served Mr. Prahl at 12376 SW 82nd Avenue, Pinecrest, Florida 33156, in accordance with the information listed with the Florida Secretary of State.

**2.     Motion to Set Aside the Default Judgment**

Rule 60(b) of the Federal Rules of Civil Procedure states as follows:

**Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

7

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60 further states that: "[a] motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Eleventh Circuit recognizes a strong policy of determining cases on their merits and defaults are viewed with disfavor. In re Worldwide Web Systems, Inc., 328 F.3d 1291, 1295 (11th Cir. 2003) (citations omitted). "A district court may set aside entry of default only if the defaulting party can provide a good reason for the district court to do so. African Methodist Episcopal Church, Inc. v. Ward, 185 F.3d 1201 (11th Cir. 1999) (citing In re Knight, 833 F.2d 1515, 1516 (11th Cir. 1987)) (stating that "the setting aside of a default judgment where no good reason has been offered for the default constitutes an abuse of discretion.").

The movant argues that the final judgment should still be set aside on grounds of "mistake, inadvertence, or excusable neglect." Motion (DE# 35 at 5). "To establish mistake, inadvertence, or excusable neglect under Rule 60(b)(1), a defaulting party

must show that: '(1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint.'" In re Worldwide Web Systems, Inc., 328 F.3d at 1295 (quoting Fla. Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993) (citation omitted)).

### a. Meritorious Defense

To obtain relief under Rule 60(b), a party must demonstrate a meritorious defense. The Court has stated that "with respect to a meritorious defense, [l]ikelihood of success is not the measure" rather, "the movant need only provide a hint of a suggestion that her case has merit." Griffin IT Media, Inc. v. Intelligentz Corp., No. 07-80535-CIV, 2008 WL 162754, at *3 (S.D. Fla. Jan. 16, 2008) (internal citations and quotation marks omitted). Here, the movant has demonstrated a meritorious defense. The Complaint would be subject to dismissal under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) because it fails to list the purported ADA violations at the subject property. Therefore, the Complaint contains no facts which would allow the Court to conclude that an ADA violation occurred.

### b. Good Reason

Under Rule 60(b)(1), "excusable neglect is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 850 (11th Cir. 1996) (quoting Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 394 (1993)). "The [Supreme] Court [has] concluded that whether a party's neglect of a deadline may be excused is an equitable decision turning on 'all relevant

9

circumstances surrounding the party's omission.'" Id. (quoting Pioneer Investment, 507 U.S. at 395). "The factors we must weigh include 'the danger of prejudice to the [opposing party], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" Id. (quoting Pioneer Investment, 507 U.S. at 395).

Although the Court finds that the service of process was proper, the movant had good reason not to respond to the Complaint because, at the time, the movant believed that the plaintiff had not served the current registered agent.

### c. No Prejudice

The prejudice to the plaintiff would be minimal and what would be expected when filing a lawsuit. The plaintiff will have the opportunity to try the case on the merits. Thus, it will not be unduly prejudicial to the plaintiff if the final judgment is set aside.

Taking into consideration all of the circumstances, the undersigned finds that the movant has shown good reason for its failure to respond to the Complaint and the Final Judgment (DE# 32, 7/11/17) is **SET ASIDE**.

### 3. Attorney's Fees

Both parties seek attorney's fees stemming from the instant proceedings. The requests for attorney's fees is **DENIED**. The movant failed to show bad faith on the part of the plaintiff. The plaintiff believed it had obtained proper service on the movant based on the movant's filings with the Florida Secretary of State. The movant in turn believed that the plaintiff had served it's former registered agent and for this reason, the movant believed service of process had not been perfected.

**CONCLUSION**

For all the foregoing reasons, it is

ORDERED AND ADJUDGED that Cutler Bay 224 LLC's Emergency Motion to Quash Service of Process and Set Aside Clerk's Default and Request for Attorneys' Fees and Costs (DE# 35, 10/4/17) is **GRANTED in part and DENIED in part**. The undersigned finds that the plaintiff effected service on the movant on April 5, 2017. The Final Judgment (DE# 32, 7/11/17) entered in favor of the plaintiff and against the movant is **SET ASIDE**. It is further

ORDERED AND ADJUDGED that the plaintiff shall have **thirty (30) days** to file an Amended Complaint listing the purported ADA violations in the subject property and the movant shall have **twenty-one (21) days** from the filing of the Amended Complaint to file its response.

DONE AND ORDERED in Chambers at Miami, Florida this **12th** day of October, 2017.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Lenard
All counsel of record